UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DEMETRIA LINDSEY o/b/o
MARQUISHA LINDSEY,
    Plaintiff

Case No. 1:07-cv-216
(Spiegel, J.; Hogan, M.J.)

vs

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant

**REPORT AND**
**RECOMMENDATION**

This matter is before the Court on the parties' joint motion for remand pursuant to sentence four of 42 U.S.C. § 405(g) (Doc. 6), plaintiff's motion for attorney fees and expenses under the Equal Access to Justice Act (EAJA) (Doc. 7), and defendant's motion to dismiss the request for fees and expenses as prematurely filed. (Doc. 8).

On March 19, 2007, plaintiff filed a complaint challenging the Commissioner's final decision denying an application for Supplemental Security Income. On June 14, 2007, the parties filed a joint motion for reversal of the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) and remand of this case to the Administrative Law Judge for further proceedings. (Doc. 6 at 1). The parties agree that on remand, the Administrative Law Judge will: (1) obtain updated medical records, including records from Dr. Lawson, if applicable; (2) explain the rationale behind rejection of Dr. Walker's assessment; and (3) obtain supplemental medical expert testimony to clarify the nature and severity of the claimant's mental impairment, if applicable. For good cause shown, the joint motion for remand should be granted.

Plaintiff's motion for attorney fees and expenses under the Equal Access to Justice Act should be denied. Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(B), an

application for attorney fees and other expenses must be submitted within thirty (30) days of final judgment. The EAJA defines a final judgment as "a judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G); *see Buck v. Secretary of Health and Human Serv.*, 923 F.2d 1200, 1202 (6th Cir. 1991). There has been no final judgment entered in this case. Accordingly, plaintiff's motion for EAJA fees and expenses (Doc. 7) should be denied without prejudice as prematurely filed and defendant's motion to dismiss the request for fees and expenses as prematurely filed (Doc. 8) should be granted.

### IT IS THEREFORE RECOMMENDED THAT:

1. The parties' joint motion for remand pursuant to sentence four of 42 U.S.C. § 405(g) (Doc. 6) be **GRANTED**. If this recommendation is adopted, the Court should enter an Order reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) and remanding this case to the Commissioner for further proceedings. On remand the Administrative Law Judge will: (1) obtain updated medical records, including records from Dr. Lawson, if applicable; (2) explain the rationale behind rejection of Dr. Walker's assessment; and (3) obtain supplemental medical expert testimony to clarify the nature and severity of the claimant's mental impairment, if applicable.

2. Plaintiff's motion for attorney fees and expenses under the Equal Access to Justice Act (Doc. 7) be **DENIED** without prejudice to refiling.

3. Defendant's motion to dismiss the request for fees and expenses as prematurely filed (Doc. 8) be **GRANTED**.

Date: 4/29/08

Timothy S. Hogan
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

DEMETRIA LINDSEY o/b/o            Case No. 1:07-cv-216
MARQUISHA LINDSEY,             (Spiegel, J.; Hogan, M.J.)
    Plaintiff

vs

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant

**NOTICE TO THE PARTIES REGARDING FILING OF OBJECTIONS TO THIS R&R**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to these proposed findings and recommendations within **TEN DAYS** after being served with this Report and Recommendation ("R&R"). Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this R&R is being served by mail. That period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. If the R&R is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **TEN DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).